No. 26,515.

A. C. MENDENHALL and J. S. WINKLER, Partners, as MENDENHALL & WINKLER, *Appellees,* v. F. W. CASNER et al., *Defendants;* F. W. CASNER, *Appellant.*

SYLLABUS BY THE COURT.

1. MINES AND MINERALS—*Oil Drilling Contract—Evidence.* It was not error to overrule the demurrer of the defendant, F. W. Casner, to the evidence of the plaintiffs.

2. SAME—*Trial—Special Findings—Conflicting Evidence.* It was not error for the trial court to refuse to make special findings of fact based on evidence contradictory to that believed by the court, or where the findings requested were merely evidentiary in their nature on which an argument could be based to show that the findings made by the court were not correct.

3. SAME—*Trial—Special Findings—Responsiveness to Evidence.* It was not error for the court to deny a motion to correct findings of fact where the findings were made in response to evidence which sustained them.

Appeal from Woodson district court; ROBERT E. CULLISON, judge. Opinion filed November 6, 1926. Affirmed.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellant.

*James W. Finley, James A. Allen* and *B. M. Dunham,* all of Chanute, for the appellees.

Mines and Minerals, 40 C. J. p. 1131 n. 25. Trial, 38 Cyc. pp. 1946 n. 44, 1980 n. 56, 1988 n. 4.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued F. W. Casner, individually, and F. W. Casner and Philip Palmgren, doing business as the Interstate Oil and Gas Company, for the contract price to be paid to the plaintiffs for drilling an oil well in Woodson county. No judgment was rendered against Philip Palmgren, nor the Interstate Oil and Gas Company; they have not appealed. Judgment was rendered against F. W. Casner for the amount for which the action was commenced, and he appeals.

The action was tried without a jury, and the court made twelve special findings of fact, the first eight of which may be summarized as follows: That the plaintiffs were partners; that F. W. Casner and Philip Palmgren were not partners as the Interstate Oil and Gas Company; that plaintiff Mendenhall, acting for his partnership, entered into an oral contract with F. W. Casner to drill a well on certain land in Woodson county; that the well was drilled according to the contract; that the oil and gas lease was owned by the Trapshooter Oil and Gas Company and was assigned to the Interstate Oil and Gas Company, of which F. W. Casner was treasurer; and that neither F. W. Casner nor Philip Palmgren owned the oil and gas lease described in the petition. The other findings of the court were as follows:

"Ninth. I find that the Interstate Oil Company was an association of persons purporting to transact business under a declaration of trust and that F. W. Casner was the treasurer thereof, and that during the time when the contract was made, and the well was drilled, had an ample amount of funds belonging to said company to pay for said work and was transacting business for said company practically at his own discretion with full authority to do as he wished with reference to the well in controversy, and that he refused to pay for the said well because of his belief that the same was not properly drilled and cleaned.

"Tenth. I find that said defendant, F. W. Casner, was personally interested in having this said well drilled by reason of the fact that he was part owner of the company owning the land upon which the well was drilled and otherwise financially interested in having the same developed for oil and gas.

"Eleventh. I find that at the time he entered into the oral contract with plaintiffs, he urged his personal financial ability to pay for the well as a reason for not having a written contract for the drilling of the same, and at that time led the plaintiffs to believe, and they did believe, that he was personally contracting with them for the drilling of said well for himself, and that at said time his representative capacity was not disclosed or known to plaintiffs, and

Mendenhall v. Casner.

that thereafter, when the name of Interstate Oil Company was used by the parties, they, the plaintiffs, believed that it was a trade name under which defendant F. W. Casner was carrying on the particular undertaking of drilling said well. I find that the fact is that the said well when completed, was to be, and was, the property of Interstate Oil Company as hereinabove described, and that the defendant, F. W. Casner, knew and intended that this should be, but that the plaintiffs did not know and were not apprised of such fact, in the sense that the Interstate Oil Company was anything different than a trade name under which the defendant, F. W. Casner, was transacting the business, until the work was well under way and until about the time when payment was defaulted and the controversy as to payment arose.

"Twelfth. I find that because of his personal interest in having this said land developed by the drilling of said well, the defendant, F. W. Casner, did assume to contract with the plaintiffs personally as for himself, with the belief that because of his dominating authority over the affairs of the Interstate Oil Company, he could and would thereafter adjust the matter with said company in such manner as he saw fit, and that for the purpose of retaining this matter entirely within his own hands so as to force the development of said land to the extent and in the manner which he wished, he failed to disclose to plaintiffs any fact that would indicate that he was not personally in entire ownership and control of the said leasehold."

After the findings of fact had been made, F. W. Casner moved for additional "pivotal" findings of fact, moved to correct the findings of fact made by the court, moved to strike out certain of those findings, and moved for judgment, all of which were denied by the court. At the conclusion of the plaintiffs' evidence, the defendant demurred thereto. That demurrer was overruled.

1. It is argued that "the court erred in overruling the demurrer of the defendant to the evidence of plaintiffs." There was evidence which tended to prove that an oral contract had been made between F. W. Casner and plaintiff Mendenhall for drilling an oil and gas well on real property in Woodson county described and known as The Waterworks Farm for $2.50 per foot and $50 per day for extra work in cleaning out the well, etc.; that F. W. Casner, in response to a request for a written contract, stated, "There is not any use in having a contract. I am worth it. I have to pay"; that bills for material, etc., were made out to the Interstate Oil Company, which the plaintiffs thought was the trade name under which F. W. Casner did business; and that the plaintiffs had not been paid for the work which had been done by them. That evidence was sufficient to justify the court in overruling the demurrer thereto.

2. Defendant argues that "the court erred in refusing to make

the additional pivotal findings of fact requested by defendant."
Among the findings of fact requested by the defendant was one as
follows:

"Second. The court finds that all the acts and things done by F. W. Casner
in connection with the well in question were done as treasurer of the Interstate
Oil Company."

The issue involved in this finding of fact was found against the
defendant in the ninth, tenth, eleventh, and twelfth findings of fact
made by the court. Those findings of fact were supported by evi-
dence which the court must have believed and which contradicted
the second finding requested by the defendant. Fourteen other re-
quested findings of fact are printed by the defendant in his abstract.
In his motion he alleged, and he now argues, that these fourteen
findings were pivotal. An examination of them reveals that they
were not ultimate findings of fact. They were findings which, if
they had been made, could have been used as a basis for argument
in contending that the findings made by the court were not correct
and that findings contrary thereto should have been made. Further,
these requested findings were evidentiary in their nature, were con-
trary to the evidence believed by the court, the nature and sub-
stance of which evidence is disclosed by the findings that were made.
It was not error for the court to decline to make the requested
findings.

3. The defendant's motion to correct the findings of fact con-
tained the following:

"This defendant further moves the court to correct the findings made to
speak the truth upon the undisputed evidence or the weight of evidence cov-
ering the elemental facts involved in the issues joined in this action."

That motion was denied, and of that ruling the defendant com-
plains. The findings which the defendant desires to have corrected
were made in response to evidence which sustained them. For that
reason it was not error to deny the motion.

Defendant contends that error was committed in failing to strike
out findings numbered eleven and twelve and in denying the defend-
ant's motion for judgment and his motion for a new trial. These
matters have been examined. They are embraced within the other
contentions argued by the defendant which have been discussed.

The judgment is affirmed.